**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BAYERISCHE LANDESBANK, NEW YORK BRANCH,<br><br>                Plaintiff,<br><br><br><br>        v.<br><br>BARCLAYS CAPITAL INC., BARCLAYS BANK PLC, STATE STREET GLOBAL ADVISORS, STATE STREET BANK AND TRUST COMPANY, and STATE STREET CORPORATION,<br><br>              Defendants. | 12 Civ. 3294(LLS)<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS STATE STREET GLOBAL ADVISORS AND STATE STREET BANK AND TRUST COMPANY |

Defendants State Street Global Advisors ("SSgA") and State Street Bank and Trust Company (collectively, "Defendants") answer Plaintiff Bayerische Landesbank, New York Branch's ("Plaintiff") Amended Complaint, which was filed on July 23, 2012, as follows. Except as otherwise expressly admitted, Defendants deny each and every allegation in paragraphs 1 through 210 of the Amended Complaint, including, without limitation, the headings, subheadings, graphic illustrations and footnotes contained in the Amended Complaint. To the extent that any response is required to headings or other unnumbered paragraphs in the Amended Complaint, Defendants deny all allegations contained therein.  Defendants expressly reserve the right to amend and/or supplement their Answer.

1

I.      **SUMMARY OF THE ACTION**

1.      The first sentence of paragraph 1 of the Amended Complaint contains Plaintiff's characterization of the Amended Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second, third and fourth sentences.

2.      Defendants deny the allegations in paragraph 2 of the Amended Complaint and respectfully refer the Court to the referenced Markov CDO I, Ltd.'s ("Markov") Offering Circular dated May 1, 2007 (the "Offering Circular") and Marketing Book dated March 2007 (the "Marketing Book"), which are in writing and speak for themselves.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 3 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

4.      Defendants deny that the allegations in paragraph 4 of the Amended Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 4 to the extent that they are directed at Defendants.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 5 of the Amended Complaint, and deny the allegations in the third sentence of paragraph 5.

6.      Defendants deny the allegations in paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order issued in *In re State Street Global Advisors (Carina CDO, Ltd.)*, Docket No. 2011-0023 (Mass. Sec. Div. Feb. 28, 2012) (the "Consent Order"), which is in writing and speaks for itself.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

10.     Paragraph 10 of the Amended Complaint contains Plaintiff's characterization of the Amended Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 10 of the Amended Complaint.

## II.     <u>JURISDICTION AND VENUE</u>

11.     Paragraph 11 of the Amended Complaint contains legal conclusions to which no response is required.

12.     The first sentence of paragraph 12 of the Amended Complaint contains legal conclusions to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 12.

13.     Paragraph 13 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 13 and respectfully refer the Court to the referenced documents, which are in writing and speak for themselves.

14.     Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 14.

### III.    **THE PARTIES**

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

17.    Defendants deny the allegations in paragraph 17 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement dated May 1, 2007 (the "Collateral Management Agreement"), Markov CDO I Indenture, dated May 1, 2007 (the "Indenture"), Marketing Book, Discussion Sheet, and Offering Circular (collectively, the "Offering Documents"), which are in writing and speak for themselves.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, except deny the allegations in the third sentence of paragraph 19.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.    Defendants deny the allegations in paragraph 22 of the Amended Complaint. SSgA has no separate legal existence except as a separate division of State Street Bank & Trust Co.  SSgA, Inc. is a Delaware-based holding company, not an asset manager, and was not involved in any of the alleged conduct.

23.      Defendants deny the allegations in paragraph 23 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

24.      Defendants deny the allegations in paragraph 24 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

25.      Defendants deny the allegation in paragraph 25 concerning the role of the listed individuals and respectfully refer the Court to the referenced Offering Circular and Marketing Book, which are in writing and speak for themselves.

26.      For the reasons set forth in Defendants answer to paragraph 22 of the Amended Complaint, and because SSB&TC is organized as a business trust, not a bank, Defendants deny the allegations in paragraph 26.

27.      Defendants admit the allegations in the first three sentences of paragraph 27 of the Amended Complaint.  Defendants deny the allegations in in the fourth and fifth sentences of paragraph 27.

28.      Defendants deny the allegations in paragraph 28 of the Amended Complaint.  The Section 20(a) claim against State Street Corporation has already been dismissed by the Court.

29.      Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30.      Defendants deny the allegations in paragraph 30 of the Amended Complaint and respectfully refer the Court to the referenced documents and trial testimony, which are in writing and speak for themselves.

31.     Defendants deny the allegations in paragraph 31 of the Amended Complaint and respectfully refer the Court to the referenced SEC filings, which are in writing and speak for themselves.

32.     Defendants admit the allegations in paragraph 32 of the Amended Complaint and respectfully refer the Court to the referenced SEC filings, which are in writing and speak for themselves.

33.     Defendants admit the allegations in paragraph 33 of the Amended Complaint and respectfully refer the Court to the referenced SEC filings, which are in writing and speak for themselves.

34.     Defendants admit the allegations in the first sentence of paragraph 34 of the Amended Complaint.  Defendants deny the allegations in the second sentence of paragraph 34.

35.     Defendants deny the allegations in paragraph 35 of the Amended Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

36.     Defendants deny the allegations in paragraph 36 of the Amended Complaint and respectfully refer the Court to the referenced Indenture, which is in writing and speaks for itself.

## IV.     BACKGROUND ON CDOS AND MARKCOV

37.     Defendants deny that the allegations in paragraph 37 of the Amended Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 37 to the extent that they are directed at Defendants.

38.     Defendants deny that the allegations in paragraph 38 of the Amended Complaint present a complete, accurate and fair characterization of the matters described therein.  To the

6

extent a further response is required, Defendants deny the allegations in paragraph 38 to the extent that they are directed at Defendants.

39.     Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40.     Defendants deny that the allegations in paragraph 40 of the Amended Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 40 to the extent that they are directed at Defendants.

41.     Defendants deny the allegations in paragraph 41 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

42.     Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.     Defendants deny that the allegations in paragraph 43 of the Amended Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 43 to the extent that they are directed at Defendants.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

45.     Defendants deny the allegations in paragraph 45 of the Amended Complaint.

## V.     BARCLAYS' CONFLICTED ROLE IN THE MARKOV CDO

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint, except deny the allegations in the third sentence of paragraph 51.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except deny such allegations to the extent that they are directed at Defendants.

## VI.   BARCLAYS EXPLOITS ITS CONTROL OVER MARKOV'S COLLATERAL TO BET, AND PROFIT, ON MARKOV'S COLLAPSE

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Barclays in paragraph 53 of the Amended Complaint. Defendants deny all other allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Amended Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

56.     Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations in paragraph 57 of the Amended Complaint and respectfully refer the Court to the referenced documents, which are in writing and speak for themselves.

58.    Defendants deny the allegations in paragraph 58 of the Amended Complaint.

## VII.    BARCLAYS AND STATE STREET ACTED WITH SCIENTER

59.    The first sentence of paragraph 59 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second, third and fourth sentences.

60.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint.

61.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint.

62.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint.

63.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint.

64.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint.

65.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint.

66.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Amended Complaint.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint.

78.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Amended Complaint.

79.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Complaint.

80.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Amended Complaint.

81.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint.

82.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint.

83.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Complaint.

84.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint.

85.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint.

86.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint.

87.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Amended Complaint.

88.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint, except Defendants deny the allegations in the third sentence of paragraph 88.

89.     Defendants deny the allegations in paragraph 89 of the Amended Complaint and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

91.     Defendants deny the allegations in paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

94.     Defendants deny the allegations in paragraph 94 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

95.     Defendants deny the allegations in paragraph 95 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

96.     Defendants deny the allegations in paragraph 96 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

97.     Defendants deny the allegations in paragraph 97 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

98.     Defendants deny the allegations in paragraph 98 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

99.     Defendants deny the allegations in paragraph 99 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

100.    Defendants deny the allegations in paragraph 100 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

101.    Defendants deny the allegations in paragraph 101 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

102.    Defendants deny the allegations in paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Amended Complaint and respectfully refer the Court to the referenced Order Instituting Cease-and-Desist Proceeding, *In re State Street Bank &Trust Co.*, Securities Act of 1933 Release No. 33-9107, Admin. Proceeding File No. 3-13776 (Feb. 4, 2010), which is in writing and speaks for itself.

104.    Defendants deny the allegations in paragraph 104 of the Amended Complaint and respectfully refer the Court to the referenced opinion issued in *In re State Street Bank & Trust*

*Co. Fixed Income Funds Inv. Litig.*, No. 07-cv-8488, 2012 WL 333774 (S.D.N.Y. Feb. 1, 2012), which is in writing and speaks for itself.

105.    Defendants deny the allegations in paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations in paragraph 106 of the Amended Complaint.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

108.    Defendants deny the allegations in paragraph 108 of the Amended Complaint and respectfully refer the Court to the referenced Consent Order and testimony, which are in writing and speak for themselves.

109.    Defendants deny the allegations in paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations in paragraph 110 of the Amended Complaint and respectfully refer the Court to the referenced documents and testimony, which are in writing and speak for themselves.

111.    Defendants deny the allegations in paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations in paragraph 112 of the Amended Complaint and respectfully refer the Court to the referenced April 10, 2007 email and testimony, which are in writing and speaks for themselves.

113.    Defendants deny the allegations in paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Amended Complaint.

115.    Defendants deny the allegations in paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Amended Complaint and respectfully refer the Court to the referenced email and Marketing Book, which are in writing and speak for themselves.

117.    Defendants deny the allegations in paragraph 117 of the Amended Complaint and respectfully refer the Court to the referenced Global Fixed-Income Plan, which is in writing and speaks for itself.

## VIII.   DEFENDANTS' FALSE AND MISLEADING MISSTATEMENTS AND OMISSIONS OF MATERIAL FACT IN THE OFFERING MATERIALS

118.    Defendants deny the allegations in the first sentence of paragraph 118 of the Amended Complaint.  The second sentence of paragraph 118 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence.  Defendants deny the allegations in the third sentence of paragraph 118.

119.    Defendants deny the allegations in paragraph 119 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents and Marketing Book, which are in writing and speak for themselves.

120.    Defendants deny the allegations in paragraph 120 of the Amended Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

121.    Defendants deny the allegations in paragraph 121 of the Amended Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

122.    Defendants deny the allegations in paragraph 122 of the Amended Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

123.    Defendants deny the allegations in paragraph 123 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

124.    Defendants deny the allegations in paragraph 124 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

125.    Defendants deny the allegations in paragraph 125 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

126.    Paragraph 126 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations in paragraph 127 and respectfully refer the Court to the referenced Consent Order, which is in writing and speaks for itself.

128.    Defendants deny the allegations in paragraph 128 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

129.    The first sentence of paragraph 129 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second, third and fourth sentences of paragraph 129 and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

130.     Defendants deny the allegations in paragraph 130 of the Amended Complaint and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

131.     Defendants deny the allegations in paragraph 131 of the Amended Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

132.     Defendants deny the allegations in paragraph 132 of the Amended Complaint.

133.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

134.     Defendants deny the allegations in paragraph 134 of the Amended Complaint and respectfully refer the Court to the referenced Marketing Book and Offering Circular, which are in writing and speak for themselves.

135.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Amended Complaint.

136.     Defendants deny the allegations in paragraph 136 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

137.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.  To the extent that paragraph 137 contains legal conclusions, no response is required.

138.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

139.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

140.    Defendants deny the allegations in paragraph 140 of the Amended Complaint and respectfully refer the Court to the referenced documents, which are in writing and speak for themselves.

141.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

143.    Defendants deny the allegations in paragraph 143 of the Amended Complaint.

144.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

145.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

146.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 146 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

147.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 147 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

148.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 148 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

149.     Defendants deny the allegations in the first through fourth sentences of paragraph 149 of the Amended Complaint and respectfully refer the Court to the referenced Indenture, which is in writing and speaks for itself.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 149. Defendants deny the allegations in the sixth sentence of paragraph 149.

150.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

151.     Defendants deny the allegations in paragraph 151 of the Amended Complaint.

152.     Defendants deny the allegations in paragraph 152 of the Amended Complaint.

153.    Paragraph 153 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 153.

154.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

155.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

156.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Amended Complaint, except deny such allegations to the extent that they are directed at Defendants.

157.    Defendants deny the allegations in paragraph 157 of the Amended Complaint, except admit that an Event of Default occurred on November 16, 2007, and a Majority of the Controlling Class (as defined in the Indenture) directed the sale and liquidation of Markov's Collateral on January 22, 2008, pursuant to the terms of the Indenture.

### FIRST CAUSE OF ACTION

(Violation of Section 10(b) of the Securities Exchange Act of 1934 Against Barclays and State Street)

158.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 158 of the Amended Complaint as if those responses were fully set forth herein.

159.    Paragraph 159 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 159.

160.    Paragraph 160 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 160.

161.    Paragraph 161 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 161.

162.    Paragraph 162 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 162.

163.    Paragraph 163 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, except deny such allegations to the extent that they are directed at Defendants.

164.  Paragraph 164 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 164.

### <u>SECOND CAUSE OF ACTION</u>

(Violation of Section 20(a) of the Exchange Act Against Barclays Bank PLC, State Street Bank & Trust Company and State Street Corporation)

165.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 165 of the Amended Complaint as if those responses were fully set forth herein.

166.    Paragraph 166 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 166.  The Section 20(a) claim against State Street Corporation has already been dismissed by the Court.

167.    Paragraph 167 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.    Paragraph 168 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    The first sentence of paragraph 169 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second sentence of paragraph 169 for the reasons described in their answers to paragraphs 22 and 26 of the Amended Complaint.  The allegations in the third sentence of paragraph 169 relate to a claim that was already dismissed by the Court, and therefore no response is required.  Defendants deny the allegations in the fourth sentence.  The fifth and sixth sentences of paragraph 169 contain legal conclusions to which no response is required, and to the extent a response is required, denied.  Defendants deny the allegations in the eighth sentence of paragraph 169.

170.    Paragraph 170 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in

paragraph 170.  The Section 20(a) claim against State Street Corporation has already been dismissed by the Court.

171.     Paragraph 171 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 171.

### THIRD CAUSE OFACTION

(Common Law Fraud Against Barclays and State Street)

172.     Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 172 of the Amended Complaint as if those responses were fully set forth herein.

173.     Defendants deny the allegations in paragraph 173 of the Amended Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  To the extent that paragraph 173 contains legal conclusions, no response is required.

174.     Defendants deny the allegations in paragraph 174 of the Amended Complaint.

175.     Paragraph 175 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175, except deny such allegations to the extent that they are directed at Defendants.

176.     Paragraph 176 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, except deny such allegations to the extent that they are directed at Defendants.

### FOURTH CAUSE OF ACTION

(Fraudulent Inducement Against Barclays and State Street)

177.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 177 of the Amended Complaint as if those responses were fully set forth herein.

178.    Defendants deny the allegations in paragraph 178 of the Amended Complaint and respectfully refer the Court to the referenced Marketing Book and Offering Circular, which are in writing and speak for themselves.

179.    Paragraph 179 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 179.

180.    Paragraph 180 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, except deny such allegations to the extent that they are directed at Defendants.

181.    Paragraph 181 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

## FIFTH CAUSE OF ACTION

(Aiding and Abetting Fraud Against Barclays and State Street)

182.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 182 of the Amended Complaint as if those responses were fully set forth herein.

183.    Paragraph 183 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

184.    Paragraph 184 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

185.    Defendants deny the allegations in paragraph 185 of the Amended Complaint.

186.    Defendants deny the allegations in paragraph 186 of the Amended Complaint.

187.    Defendants deny the allegations in paragraph 187 of the Amended Complaint.

188.    Paragraph 188 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

189.    Paragraph 189 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 189.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation Against Defendant State Street)

190.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 190 of the Amended Complaint as if those responses were fully set forth herein.

191.    Paragraph 191 of the Amended Complaint contains legal conclusions to which no response is required.

192.    Defendants state that the allegations in paragraph 192 of the Amended Complaint are ambiguous, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Defendants state that the term "reasonable access" in paragraph 193 of the Amended Complaint is vague and ambiguous, and further deny the allegations in paragraph 193.

194.    Defendants deny the allegations in paragraph 194 of the Amended Complaint.

195.    The first and second sentences of paragraph 195 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and second sentences of paragraph 195.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth and fifth sentences of paragraph 195, except deny such allegations to the extent that they are directed at Defendants.

196.     Paragraph 196 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

## SEVENTH CAUSE OF ACTION

(Breach of Fiduciary Duty Against State Street)

197.     The allegations in paragraph 197 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

198.     The allegations in paragraph 198 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

199.     The allegations in paragraph 199 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

200.     The allegations in paragraph 200 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

201.     The allegations in paragraph 201 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

202.     The allegations in paragraph 202 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

203.     The allegations in paragraph 203 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

204.     The allegations in paragraph 204 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

205.    The allegations in paragraph 205 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

## EIGHTH CAUSE OF ACTION

### (Aiding and Abetting Breach of Fiduciary Duty Against Barclays)

206.    The allegations in paragraph 206 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

207.    The allegations in paragraph 207 of the Amended Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

## NINTH CAUSE OF ACTION

### (Breach of Contract Harming a Third Party Against State Street)

208.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 208 of the Amended Complaint as if those responses were fully set forth herein.

209.    Defendants state that the Collateral Management Agreement referenced in paragraph 209 of the Amended Complaint is in writing and therefore speaks for itself.  To the extent that a further response is required, denied.

210.    Defendants deny the allegations in the first sentence of paragraph 210 of the Amended Complaint and respectfully refer the Court to the referenced the Collateral Management Agreement, which is in writing and speaks for itself.  The second sentence of paragraph 210 contains legal conclusions to which no response is required, and to the extent a response is required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses, pleaded in the alternative to the extent they may be found inconsistent, and reserve their right to amend their Answer to assert

other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters "defenses," Defendants do not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's prima facie case against Defendants.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA.

THIRD DEFENSE

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted with reasonable care and due diligence with respect to the matters alleged to have been misrepresented in or misleadingly omitted from the Offering Documents.  After reasonable investigation, Defendants had reasonable ground to believe, and did believe, that the statements contained in the Offering Documents were true and did not omit any material fact.

FIFTH DEFENSE

Plaintiff's claims are barred because Defendants did not directly or indirectly induce any act or acts alleged in the Amended Complaint to constitute a violation of any securities law or regulation.

SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, among other things, the total mix of available information.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading and are therefore not actionable under the bespeaks caution doctrine.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, were not truly held.

NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Markov.

TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the substance of the material information that Plaintiff alleges to have been misrepresented or omitted was in fact disclosed in the Offering Documents, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiff.

ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed adequately to perform due diligence regarding Markov.

TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, or should have known, of any alleged untruth or omission in the Offering Documents.

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed in the Offering Documents, and any losses Plaintiff experienced were caused because those risks came to fruition.

FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified the alleged wrongful acts and omissions alleged in the Amended Complaint.

FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would have purchased Markov even with full knowledge of the facts that it now alleges were misrepresented or omitted.

SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents.

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not have "control" over any person alleged to be primarily liable.

EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not have knowledge of, or a reasonable ground to believe in the existence of facts by reason of which the liability of any controlled person is alleged to have existed.

NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were not the cause of any alleged injury or loss or damages suffered by Plaintiff.

TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries Plaintiff sustained, if any, were caused by the actions or inactions of parties other than Defendants, actions or inactions by parties outside the control of Defendants, or economic events that were, likewise, outside the control of Defendants.  These actions, inactions and events were intervening or superseding causes of Plaintiff's alleged damages.

TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged depreciation in the value of Markov resulted from factors other than the misstatements and omissions alleged in the Complaint.

TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the value of Markov notes.

TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has received payments as contemplated by the terms of the Markov notes it purchased and, accordingly, Plaintiff has not suffered any cognizable injury.

TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would constitute an unlawful double recovery or unjust enrichment.

TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint and failed to comply with that duty and is therefore barred from recovering any damages which might reasonably have been avoided.

TWENTY-SIXTH DEFENSE

Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur as a result of any of the alleged misrepresentations, omissions and conduct alleged in this action.

TWENTY-SEVENTH DEFENSE

Defendants are entitled to recover as setoff all claim payments and other monies that Plaintiff has received in relation to Markov, including but not limited to, pursuant to insurance policies.

TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the contracts between the parties, and by the contractual remedies and limitations contained in the parties' agreements.

TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants satisfied and did not breach any contractual or legal duties they had to Plaintiff.

THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants fully performed and satisfied their obligations under the contracts.

## THIRTY-FIRST DEFENSE

Plaintiff's claim for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiff's lawsuit was commenced.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the appropriate statutes of limitations or repose.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver or other related equitable doctrines.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, in pari delicto or other related equitable doctrines.

## THIRTY-SIXTH DEFENSE

Other parties not named in the Amended Complaint may be indispensable parties to this action.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to characterize disclosed facts pejoratively.

## THIRTY-EIGHTH DEFENSE

Certain claims asserted in the Amended Complaint are barred, in whole or in part, to the extent any of Defendants' disclosures alleged in the complaint were inadequate, any alleged inadequacies constituted harmless error or were cured by other adequate disclosures.

THIRTY-NINTH DEFENSE

Certain claims asserted in the Amended Complaint are barred, in whole or in part, because Defendants did not act with scienter or fraudulent intent.

FORTIETH DEFENSE

Certain claims asserted in the Amended Complaint are barred, in whole or in part, because Defendants acted in good faith.

FORTY-FIRST DEFENSE

Certain claims asserted in the Amended Complaint are barred, in whole or in part, because Plaintiff has failed to plead sufficient reasons to "pierce the corporate veil."

FORTY-SECOND DEFENSE

Certain claims asserted in the Amended Complaint are barred, in whole or in part, by the economic loss rule.

FORTY-THIRD DEFENSE

Plaintiff is not entitled to punitive damages.

FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

FORTY-FIFTH DEFENSE

The claims asserted in the Amended Complaint are contradicted by documentary evidence.

FORTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing.

FORTY-SEVENTH DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Defendants, and therefore expressly (i) reserve the right to amend or supplement its Answer, defenses and all other pleadings, and (ii) reserve the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be appropriate, and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court enter judgment:

1.    Dismissing the claims against Defendants;

2.    Ordering that Plaintiff take nothing;

3.    Awarding Defendants reasonable costs and attorneys' fees; and

4.    Awarding Defendants such other and further relief as the court deems just and proper.

Dated: Boston, Massachusetts
       November 19, 2012

                                          ROPES & GRAY LLP

                                          By:  /s/Daniel J. Maher
                                          Robert G. Jones
                                          Daniel J. Maher
                                          Elizabeth Brookhiser
                                          800 Boylston Street
                                          Boston, MA 02199-3600

                                          Attorneys for Defendants State Street Global
                                          Advisors and State Street Bank & Trust

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2012, I caused a true and correct copy of the foregoing document to be served upon the following counsel of record via e-mail.

_____/s/ Daniel J. Maher_
Daniel J. Maher

Avi Josefson, Esq.
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

Daniel Hume, Esq.
Lauren Wagner Pedersen, Esq.
Kirby McInerney LLP
825 Third Ave.
New York, NY 10022

Meredith Kotler, Esq.
Cleary Gottlieb LLP
One Liberty Plaza
New York, NY 10006